### THE TILLIE S.

### SWENSON v. PENNSYLVANIA R. CO.
### No. 90.

Circuit Court of Appeals, Second Circuit.

Nov. 24, 1941.

Bigham, Englar, Jones & Houston, of New York City (Leonard J. Matteson and Charles A. Van Hagen, Jr., both of New York City, of counsel), for libellant-appellee.

Burlingham, Veeder, Clark & Hupper, of New York City (Chauncey I. Clark and Frederic Conger, both of New York City, of counsel), for respondent-appellant.

Before SWAN, CHASE, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

This is an appeal by the Pennsylvania Railroad Company, respondent below, from an interlocutory decree of the District Court holding it liable for damage sustained by libellant's barge Tillie S. on April 27, 1937, while lying at the "light stakes" at South Amboy. The procedure by which similar barges are towed to South Amboy by tugs owned by the Pennsylvania Railroad Company, left there at the light stakes until loaded, and then towed to their destination has been described by this court on several occasions before. See The Helderberg, 2 Cir., 94 F.2d 649, and cases there cited. In the case at bar, the procedure was typical. The McLain Line, Inc., which was operating the barge for libellant, acting on instructions from the coal company for which the barge was carrying coal, directed the Pennsylvania Railroad Company to tow the light barge from Gowanus Canal to South Amboy, where it was to be loaded.

The barge was towed to South Amboy in accordance with the instructions, and was properly moored there Saturday afternoon, April 24th, with her port side to the stakes, which run N. W.-S. E. On Sunday morn-

ing, S. E. storm warnings were received by the U. S. Weather Bureau at New York. These warnings were repeated on Monday morning. The winds increased in velocity, and shifted to N. E. No request was made by the Tillie S. for assistance, however, until nine o'clock Monday morning, when a request to move the barge to a sheltered berth was received by appellant's tug master. He refused because it would have been too dangerous to shift the barge at that time. Before the storm subsided, the heavy seas had caused the barge to pound against and ride up over the spiles, causing damage to her wearing strips.

Appellant argues that the Tillie S., while lying at the stakes, was only a licensee or invitee, and that, therefore, it owed her no affirmative duty of care. The court below, however, relying on our opinion in The Helderberg, 2 Cir., 94 F.2d 649, held that the towage relationship continued while the barge lay at the stakes, and that the appellant was obligated to take reasonable care of her. That opinion has so recently reviewed the cases and doctrines involved that further elaboration is unnecessary. There, while not foreclosing the possibility of other arrangements between the parties, we unequivocally held that, unless the contrary appears, the contract in these circumstances is for a round trip. In Burns Bros. v. Pennsylvania Railroad Company, 1938 A.M.C. 382, relied upon by appellant, the contrary did appear; the barge was a "market boat," which was to be left at the stakes by the shippers, for their own convenience, until her cargo was sold and delivery could be made. See, also, Valentine, Inc., v. Pennsylvania Railroad Company, 1938 A.M.C. 595, affirmed 2 Cir., 101 F.2d 1011.

We turn to the question of negligence. Appellant contends that the Tillie S. was at fault for failing to put out fenders. Assuming that the piling was set in flush with the walk or runway, so that fenders would not have gone between the uprights, they might still have failed to prevent the damage, which was caused by the barge's riding up over the spiles. The value of fenders was extensively gone into at the trial, and, although there is no specific finding on the subject, we must assume that the court below held against appellant. We think the evidence amply shows that fenders would not have prevented the damage. Appellant also argues that the predicted S. E. storm would not have endangered the Tillie S., and that it was not at fault in failing to shift her, although the storm came in fact from the N. E. But the warnings predicted "strong easterly winds and rain," which would cause a light barge to pound against the stakes. The trial court was, therefore, correct in finding appellant at fault.

Decree affirmed.